**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                  :

RACHELLE WATSON,             :

                                   :       CIVIL ACTION

                    Plaintiff     :

                                   :

    v.                           :       NO. 10-4720

                                   :

MICHAEL J. ASTRUE,       :

COMMISSIONER OF SOCIAL SECURITY, :

                                   :

                    Defendant    :
_____ :

## <u>ORDER</u>

AND NOW, this          day of          , 2012, upon consideration of Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion for Remand (Docket No. 11) filed April 19, 2011;[1] upon consideration of Defendant's Response to Request for Review of Plaintiff (Docket No. 14) filed June 17, 2011; upon consideration of the briefs of the parties; and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. Plaintiff's alternative motion to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) is GRANTED, and the action is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) and in accordance with the Report

---

[1]    Plaintiff's Brief and Statement of Issues in Support of Request for Review and Motion for Summary Judgment was simultaneously filed with her motion on April 19, 2011.

and Recommendation; and

3.   Plaintiff's Motion for Summary Judgment is DENIED insofar as it seeks an award of benefits.

BY THE COURT:

_____
JAN E. DUBOIS, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                                    :
RACHELLE WATSON,                    :
                                    :        CIVIL ACTION
                    Plaintiff       :
                                    :
        v.                          :        NO. 10-4720
                                    :
MICHAEL J. ASTRUE,                  :
COMMISSIONER OF SOCIAL SECURITY,    :
                                    :
                    Defendant       :
_____:
```

<u>**ORDER**</u>

AND NOW, this        day of              , 2012, it appearing by separate Order of the undersigned that Plaintiff's motion to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) is GRANTED, and the action is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) and in accordance with the Report and Recommendation of United States Magistrate Judge Henry s. Perkin,

IT IS ORDERED that JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY for the purposes of this remand only.

IT IS FURTHER ORDERED that the Clerk of Court shall CLOSE this matter statistically.

BY THE COURT:


_____
JAN E. DUBOIS, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                               :
RACHELLE WATSON,               :
                               :        CIVIL ACTION
                Plaintiff      :
                               :
     v.                        :        NO. 10-4720
                               :
MICHAEL J. ASTRUE,             :
COMMISSIONER OF SOCIAL SECURITY, :
                               :
                Defendant      :
_____:
```

Henry S. Perkin, M.J.                    January 18, 2012

## REPORT AND RECOMMENDATION

Plaintiff, Rachelle Watson ("Plaintiff"), brings this action under 42 U.S.C. section 1383(c)(3), which incorporates 42 U.S.C. section 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying her claim for disability insurance benefits ("DIB") provided under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-433. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court is Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion to Remand and Defendant's response thereto. For the reasons that follow, it is recommended that Plaintiff's motion to remand be granted, and the matter be remanded for further proceedings.

## I.   **PROCEDURAL HISTORY**

Plaintiff protectively filed an application for DIB on September 24, 2008, alleging disability since November 20, 2007, as a result of chronic obstructive pulmonary disease ("COPD"), sleep apnea, obesity, foot injury, status-post bunionectomy, gastroesophageal reflux disease, high blood pressure, depression and anxiety.  (Record at 31-32, 34, 35-36, 37-38, 41, 43, 103, 104, 133, 168, 176, 177, 196, 213, 242-245, 260, 265.)  The state agency initially denied Plaintiff's claim on February 5, 2009, and she filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (Record at 41, 42, 43-47, 50, 51-55.)  A hearing was held on September 16, 2009 (Record at 24-40), at which Plaintiff, who was represented by counsel, appeared and testified.  (Record at 24, 27-38, 49, 50, 60, 100-101, 186.)  Margaret A. Preno, an impartial vocational expert ("VE"), also appeared and testified at the hearing.  (Record at 24, 38-39, 63-67, 88-89.)

Having considered evidence of Plaintiff's impairments, on September 30, 2009, the ALJ issued an unfavorable decision (Record at 15-23) in which she found that Plaintiff retains the residual functional capacity ("RFC") to perform the full range of light work.  (Record at 17-22; Finding No. 6.)  Based on her RFC determination, the ALJ further concluded that Plaintiff was capable of performing the functional demands and job duties of

work that she had performed in the past.  (Record at 22-23, Finding No. 7.)  Thus, the ALJ concluded that Plaintiff was not disabled.  (Record at 23; Finding No. 8.)

Plaintiff timely requested review of the ALJ's decision.  (Record at 9-10, 11, 193-195.)  The Appeals Council denied Plaintiff's request for review on July 19, 2010.  (Record at 2-5, 6.)  Thus, the ALJ's decision dated September 30, 2009 became the final decision of the agency.

Plaintiff initiated a civil action on September 15, 2010, seeking judicial review of the Commissioner's decision that she was able to perform prior work, and thus was not entitled to DIB.  Plaintiff's motion and brief in support of her request for review were filed April 19, 2011.  The Commissioner filed his response on June 17, 2011.  On July 5, 2011, the matter was referred by the Honorable Jan E. DuBois to this Magistrate Judge for preparation of a report and recommendation.

## II.  **FACTS**

Plaintiff, born on September 12, 1953, was fifty-six years old at the time of the ALJ's decision.  (Record at 15-23, 27, 41, 103, 104, 111, 132, 133, 183.)  Plaintiff has a high school education and past relevant work experience as an administrative assistant or insurance clerk.  (Record at 29, 39, 111-130, 177-178, 181.)  She lives by herself in a private home. (Record at 28, 166.)  Plaintiff alleges disability since November

3

30, 2007, as a result of COPD, sleep apnea, obesity, foot injury, status-post bunionectomy, gastroesophageal reflux disease, high blood pressure, depression and anxiety.  (Record at 31-32, 34, 35-36, 37-38, 43, 103, 104, 133, 168, 176, 177, 196, 213, 242-245, 260, 265.)

In addition to reviewing the transcript of the administrative hearing, this Court has independently and thoroughly examined the medical records and all disability reports.  We will not further burden the record with a detailed recitation of the facts.  Rather, we incorporate the relevant facts in our discussion below.

III.   **LEGAL STANDARD**

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision.  Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision.  Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  See also, Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993).  When determining whether the ALJ's decision

is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in her decision. Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000). Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence. Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents [him] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. § 423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity

5

> ("RFC") to determine whether she can perform
> work she has done in the past despite the
> severe impairment - if she can, she will be
> found not disabled; and (5) if the claimant
> cannot perform her past work, the
> Commissioner will consider the claimant's
> RFC, age, education, and past work experience
> to determine whether she can perform other
> work which exists in the national economy.
> See id. § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32

(3d Cir. 1999).

## IV.    **ALJ DECISION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's alleged disability involves an inability to

work because of COPD, sleep apnea, obesity, foot injury, status-

post bunionectomy, gastroesophageal reflux disease, high blood

pressure, depression and anxiety.  (Record at 31-32, 34, 35-36,

37-38, 43, 168, 176, 196, 213, 242-245, 260, 265.)  The ALJ,

however, proceeded through the sequential evaluation process and

found that Plaintiff was not disabled as a result of her

impairments.[2]  (Record at 17-23.)

In her request for review, Plaintiff asserts that the

---

[2]    The ALJ proceeded through the first four steps, finding that: (1)
Plaintiff has not been engaged in substantial gainful activity since her
alleged onset date; (2) Plaintiff's COPD, sleep apnea, and obesity impairments
are considered severe (foot injury, status post bunionectomy, gastrophageal
reflux disease, high blood pressure and depression are non-severe
impairments); (3) Plaintiff's impairment or combination of impairments do not
meet or equal the criteria of a listed impairment in Appendix 1, Subpart P,
Regulations No. 4; and (4) Plaintiff retains the RFC to perform a full range
of light work.  (Record at 17-22, Finding Nos. 2-6.)  Based on the foregoing,
the ALJ concluded that Plaintiff is capable of performing her past relevant
work as an administrative assistant.  (Record at 22-23, Finding No. 7.)
Accordingly, Plaintiff was not disabled at any time through the date of the
ALJ's decision. (Record at 23, Finding No. 8.)

ALJ (1) failed to take into account the impact of mild limitations with regard to social functioning and concentration, persistence and pace with respect to her ability to return to past relevant work; (2) improperly assessed the effects of her obesity in combination with her other impairments as required by Social Security Ruling 02-01p; and (3) improperly determined that she did not suffer from a severe impairment consisting of bilateral arthritis of the knees.  (Pl. Br. at 4-11.)  The sole issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

This Court has reviewed the various sources of medical evidence, the submissions of counsel, and the testimony at the ALJ hearing.  Based on this Court's independent and thorough review of the record and for the reasons that follow, we find that the ALJ's decision is not supported by substantial evidence of record.  We will, therefore, recommend that the matter be remanded for further proceedings.

**V.   DISCUSSION**

**A.  Residual Functional Capacity Determination.**

The ALJ has the responsibility to determine a claimant's residual functional capacity[3] based on her review of

---

[3]      Residual functional capacity ("RFC") measures

what an individual can still do despite his or

7

the administrative record.  See 20 C.F.R. §§ 404.1527(e)(2),
404.1546(c).  In assessing a claimant's RFC, the ALJ will
consider all of a claimant's medically determinable impairments,
as well as all of the relevant evidence pertaining to those
impairments, including medical records, statements from medical
sources, and descriptions by the claimant of her limitations.  20
C.F.R. §§ 404.1545(a)(3), 404.1545(a)(4).  While the ALJ must
assess the RFC that includes all of Plaintiff's limitations, a
claimant's statements about her impairments will not alone serve
to establish disability.  20 C.F.R. § 404.1529(a).  Subjective
symptoms must be supported by objective evidence.  Hartranft v.
Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  That is, the ALJ's RFC
determination must include all of Plaintiff's limitations, but
only those limitations that are fully credible, or supported by
objective evidence, need be included.[4]

---

> her limitations.  RFC is an administrative
> assessment of the extent to which an
> individual's medically determinable
> impairment(s), including any related symptoms,
> such as pain, may cause physical or mental
> limitations or restrictions that may affect his
> or her capacity to do work-related physical and
> mental activities.

SSR 96-8p, 61 Fed. Reg. 34474.  An RFC assessment must be based on all of the
evidence in the case record.  20 C.F.R. § 416.945(a); SSR 96-7p, 61 Fed. Reg.
34483; SSR 96-8p.

[4]     Though hypotheticals posed to a VE must accurately identify "all
of a claimant's impairments, [only those impairments] that are supported by
the record" must be reflected in the hypothetical posed to the VE.  Chrupcala
v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987), citing, Podedworny v. Harris,
745 F.2d 210 (3d Cir. 1984)(citation omitted).

With respect to her determination of the Plaintiff's RFC, the ALJ explicitly concluded that

> Based on all of the foregoing, I conclude that the claimant retains the residual functional capacity to perform the functional demands of the full range of light level exertional work as earlier cited.  Factors considered in this conclusion include the claimant's description of her activities and life style, the claimant's efforts to achieve relief of symptomatology, the reports of credible treating and examining medical practitioners, the medical history, and the degree of medical treatment required.

(R. 22, Finding No. 6.)

## 1.  Mental Impairment

Plaintiff contends that ALJ erred by failing to take into account the impact of her mild limitations with regard to social functioning and concentration, persistence, or pace when determining that she was able to return to past relevant work as an administrative assistant.  (Pl. Br. at 4-7.)

Affording great weight to the assessment of Joseph J. Kowalski, Psy., a state agency medical consultant, the ALJ concluded that Plaintiff indeed has mild degrees of limitation in activities of daily living, social functioning, and concentration, persistence and pace.  (Record at 18.)  These limitations, however, were not incorporated into the ALJ's RFC assessment or in a hypothetical to the vocational expert ("VE").

In fact, we note that in this matter, the VE was never even posed a hypothetical question.  We find this problematic

9

especially given the ALJ's determination that while Plaintiff would not have been able to perform the occupational duties as an administrative assistant as she had previously performed, she would be capable of performing such work as it is generally performed throughout the national economy.  Presumably, the ALJ relied on the VE's classification of Plaintiff's prior work when she testified that

> [t]he claimant indicated that her past work
> was an administrative assistant.  Actually
> the most appropriate DOT title for the job
> that she performed for the insurance company
> is insurance clerk, and it's DOT code
> 219.387-014.  It's semi-skilled, SVP four,
> and it's sedentary.

(Record at 39.)

According to the Dictionary of Occupational Titles ("DOT"), however, the job description of insurance clerk (219.387-014) shows that the job has a specific vocational preparation ("SVP") of four, which means that it takes from three to six months to learn to perform.  DICOT 219.387-014, 1991 WL 671978 (G.P.O.).  The DOT further explains that this position requires level four reasoning, which, as it pertains to this job, means that the individual must be able to:

> Apply principles of rational systems to solve
> practical problems and deal with a variety of
> concrete variables in situations where only
> limited standardization exists. Interpret a
> variety of instructions furnished in written,
> oral, diagrammatic, or schedule form.
> Examples of rational systems are:
> bookkeeping, internal combustion engines,

10

electric wiring systems, house building, farm
management, and navigation.

DICOT 219.387-014, 1991 WL 671978 (G.P.O.).

We conclude that the ALJ's failure to ask the VE what
impact mild difficulties with regard to social functioning and
concentration, persistence, or pace would have on Plaintiff's
ability to perform this type of work, especially given the level
of reasoning required, is error.  "The law in the Third Circuit
is very clear: a hypothetical question posed to a VE must reflect
*all* of a claimant's medically supported impairments."  Washington
v. Astrue, No. 08-2938, 2009 U.S. Dist. LEXIS 27107, at *3-4
(E.D. Pa. March 31, 2009)(Reed, J.)(citations omitted).  See also
Davis v. Astrue, No. 06-3550, 2007 U.S. LEXIS 56163, at *9-12
(E.D. Pa. July 30, 2007) (Kauffman, J.); Thompson v. Barnhart,
No. 05-395, 2006 U.S. Dist. LEXIS 11053, at *42-44 (E.D. Pa.
March 15, 2006) (Pratter, J.).

Because the ALJ failed to include Plaintiff's
limitations in social functioning and concentration, persistence
and pace in her RFC determination and failed to pose a
hypothetical to the VE including such limitations, we conclude
that the ALJ's decision is not supported by substantial evidence
of record.  We, therefore, recommend that this issue be remanded
for further consideration of Plaintiff's restrictions in social
functioning and concentration, persistence and pace.

11

Other evidence which may be pertinent to Plaintiff's mental impairment, includes several statements and letters written by Plaintiff to various political and city personnel. (Record at 137-138, 140-160, 162-163, 166-167, 174-175). In these letters, which were presumably attached to her function report, Plaintiff voices numerous concerns about her deteriorating neighborhood and missing granddaughter. (Record at 137-138, 140-160, 162-163, 166-167, 174-175.) After reviewing these letters and statements, we believe that they may provide some insight into Plaintiff's mental impairment, particularly as it relates to her anxiety disorder. (Record at 252, 259.) It does not appear, however, that the ALJ specifically considered this information because it is not explicitly addressed in her decision. (Record at 19-22). Accordingly, this Court cannot determine whether these letters and statements were even considered by the ALJ.

In reaching a decision, the ALJ must consider all of the relevant evidence in the record. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407, (3d Cir. 1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978). Furthermore, to guard against an abuse of discretion by the Commissioner, the ALJ is required to provide some indication of the evidence which was rejected in arriving at the decision and

the reasons therefore, so that a reviewing court can determine whether probative evidence was properly credited or simply ignored.  See Cotter, at 705.

This Court may not presume to know why the ALJ failed to address the letters and statements of Plaintiff identified above; judicial review is not meaningful when based on such presumptions.[5]  Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D. Pa. Apr 24, 2003).  Remanding the case for this reason does not reflect anything more than the court's need for such information in reviewing the ALJ's decision.

2.  Obesity

We also conclude that the ALJ failed to fully consider the effects of Plaintiff's obesity in making her RFC determination.[6]  In fact, the only discussion about obesity, other than recognizing it as a severe medically determinable impairment, occurred as part of the ALJ's step three discussion about whether the Plaintiff met or equaled a Listing of Impairment.  This statement merely recited the law as it now applies to the consideration of obesity:

Although Listing 9.09 (Obesity) had been

---

[5]     "The court can hypothesize numerous sound reasons that might have informed the ALJ's conclusion on this issue, however our court of appeals does not permit such guesswork in the name of judicial review."  Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D.Pa. Apr. 24, 2003).

[6]     Full consideration of obesity includes evaluation at steps two, three, four, and five of the sequential process.  See SSR 02-1p, 2002 WL 628049.

deleted from 20 CFR, Subpart P, Appendix 1, I
note that obesity is often associated with
musculoskeletal, respiratory and/or
cardiovascular impairments, that the combined
effects of obesity with musculoskeletal,
respiratory and/or cardiovascular impairments
can be greater than the effects of each of
the impairments considered separately, that
obesity by itself may be found to be
medically equivalent to a listed impairment,
that a combination of impairments including
obesity may be found to be medically
equivalent in severity to a listed impairment
even if no single impairment meets or equals
the requisite criteria of a listed
impairment, and that when determining whether
a claimant with obesity has a listing level
impairment, or combination of impairments,
and when assessing a claim at other steps of
the sequential evaluation process [including
when determining a claimant's residual
functional capacity], adjudicators must
consider any additional and cumulative
effects of obesity (SSR 02-1p).

(Record at 19.)

Despite this accurate conveyance of the law, there is
no indication that Plaintiff's impairments were considered in
combination when the ALJ made her determinations at the remaining
steps.  Specifically, the ALJ did not explain what specific work
activities were affected by Plaintiff's obesity or to what extent
they were affected, if any.  As a result, the ALJ erred by
failing to take into consideration Plaintiff's obesity during the
remaining steps of the sequential process.  See Diaz v.
Commissioner of Social Security, 577 F.3d 500, 504-505 (3d Cir.
2009) (the ALJ, having recognized obesity as an impairment,
should determine whether, and to what extent, claimant's obesity,

14

in combination with her other impairments, impacted her workplace performance).

It is settled that the "Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Bailey v. Sullivan, 885 F.2d 52, 59-61 (3d Cir. 1989). See also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523, 416.923; and Social Security Ruling 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). Accordingly, we also remand on this basis and direct the ALJ to consider all of the Plaintiff's impairments, both severe and non-severe, in making her determination.

B. **Bilateral Arthritis of the Knees**.

Finally, Plaintiff alleges that the ALJ failed to discuss evidence concerning the presence of bilateral arthritis of her knees. (Pl. Br. at 9-11.) In particular, there were x-rays taken of Plaintiff's knees on September 10, 2008 which showed bilateral patellofemoral joint compartment narrowing, subcortical sclerotic change, and cystic change related to the articulating surface of the patella. (Record at 294-296.) These x-rays were not mentioned by the ALJ anywhere in her decision.

As stated above, the ALJ must consider all of the

relevant evidence in the record in reaching her decision.  Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407, (3d Cir. 1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978).  The ALJ is required to provide some indication of the evidence which was rejected in arriving at the decision and the reasons therefore, so that a reviewing court can determine whether probative evidence was properly credited or simply ignored.  See Cotter, at 705.

This Court "cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Schwartz v. Halter, 134 F.Supp. 2d 640, 647 (E.D. Pa. 2001)(citing Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998)).  Thus, where the ALJ has failed to adequately explain in the record her reasons for rejecting or discrediting competent evidence, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Schwartz, 134 F.Supp. at 648 (citing Cotter, 642 F.Supp. at 705). The Third Circuit has directed that "[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence," Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000), and explain a rejection of the evidence.  See Schaudeck, 181 F.3d at 435 (citing Benton v. Bowen, 820 F.2d 85, 88 (3d Cir. 1987)).

16

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

Id. That is, meaningful judicial review, of the ALJ's decision, is not possible where the ALJ has not sufficiently explained the weight given to all probative evidence. See 20 C.F.R. §§ 404.1527(e), (a)(2). This is certainly apparent in this matter, given the failure of the ALJ to consider the effects of Plaintiff's obesity throughout the entire sequential process. Evidence of bilateral knee arthritis, combined with a determination that obesity is a severe impairment, is certainly relevant and potentially impacts the ALJ's RFC determination that Plaintiff is capable of performing the full range of light work. Therefore, the matter should also be remanded to allow the ALJ an opportunity to specifically weigh the aforementioned evidence and explain any rejection of competent evidence.

Therefore, I make the following:

17

## **RECOMMENDATION**

AND NOW, this    18th    day of January, 2012, it is RESPECTFULLY RECOMMENDED that Plaintiff's alternative motion to remand should be GRANTED, Plaintiff's motion for summary judgment should be DENIED insofar as it seeks an award of benefits, and the matter should be REMANDED to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g).


BY THE COURT:


 /s/ Henry S. Perkin
HENRY S. PERKIN,
United States Magistrate Judge

18